# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FOSTER,<br><br>　　　　　　　　　Plaintiff,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Defendant. | CASE NO. 05cv2124 DMS (RBB)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**[Docket No. 13]** |

　　　This matter comes before the Court on Defendant's motion to dismiss Plaintiff's Second Amended Complaint. Defendant filed its motion on September 1, 2006, Plaintiff filed his opposition on September 22, 2006, and Defendant filed its reply on October 6, 2006. The motion came on for hearing on October 13, 2006. Richard M. Barnett, Esq. appeared on behalf of Plaintiff, and David B. Wallace, Esq. appeared on behalf of Defendant. For the reasons discussed below, the Court grants Defendant's motion.

**I.**

**FACTUAL BACKGROUND**

　　　In July and August of 2000, employees of the Bureau of Alcohol, Tobacco and Firearms seized hundreds of handguns, long guns, ammunition, smokeless powder, lead bullets and jacketed bullets from Plaintiff Thomas Foster. (Second Am. Compl. at 2.) These seizures were accomplished pursuant to search warrants issued by this Court. (*See* Def.'s Mem. of P. & A. in Supp. of Mot. to Dismiss, Exs. A-C.)

On September 13, 2001, the government commenced a civil forfeiture action against approximately five hundred of the firearms described above. Plaintiff filed a claim to the property, and he ultimately reached an agreement with the government to resolve that claim. (*See* Pl.'s Opp'n to Mot. to Dismiss, Ex. C.) The agreement provided that fifty of the firearms would be forfeited to the United States, and the remaining firearms would be returned to Plaintiff. (*Id.* at 2.)

More than three years later, Plaintiff filed the present action against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, alleging a claim of negligence. He asserts the government and its agents "negligently damaged the firearms, lost parts to firearms, destroyed the packaging various firearms were contained in, mixed ammunition, destroyed the packaging for collectors ammunition, and destroyed other packaging." (Second Am. Compl. at 3.) Plaintiff is seeking compensatory damages in the amount of $189,881.00, as well as costs and other relief.

## II.

## DISCUSSION

As stated above, Plaintiff's negligence claim is based on the FTCA. Pursuant to the FTCA, "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." 28 U.S.C. § 2674. This waiver of sovereign immunity, however, is subject to numerous exceptions.

In this case, Defendant relies on the exception set out in 28 U.S.C. § 2680(c), which maintains sovereign immunity for:

> Any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer, except that the provisions of this chapter and section 1346(b) of this title apply to any claim based on injury or loss of goods, merchandise, or other property, while in the possession of any officer of customs or excise or any other law enforcement officer, if –
>
> (1) the property was seized for the purpose of forfeiture under any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense;
>
> (2) the interest of the claimant was not forfeited;

      (3) the interest of the claimant was not remitted or mitigated (if the property was subject to forfeiture); and

      (4) the claimant was not convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law.

28 U.S.C. § 2680(c). Defendant argues Plaintiff's claim arises out of the detention of goods by a law enforcement officer, therefore it is immune from Plaintiff's claim.

      Plaintiff does not appear to dispute Defendant's assertion that his claim arises out of the detention of goods by a law enforcement officer. However, he asserts he meets the four requirements of the exception to the exception. That exception waives sovereign immunity for damage to property if the property was seized for the purpose of forfeiture, the plaintiff's interest was not forfeited, remitted or mitigated, and the plaintiff was not convicted of a crime related to the forfeited property. Defendant takes issue with the first requirement only: that "the property was seized for the purpose of forfeiture under any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense[.]" 28 U.S.C. § 2680(c)(1). Defendant contends the property was seized for the purpose of investigating a criminal proceeding, not for the purpose of forfeiture, therefore the exception does not apply.

      As mentioned above, the property at issue in this case was seized pursuant to warrants issued by this Court. At the time the warrants were issued and executed, Plaintiff was under indictment in this Court, charged with conspiracy to make false records in gun transactions, making false records in gun transactions, and aiding and abetting in violation of 18 U.S.C. §§ 2, 371, and 924(a)(1)(A). (*See* Pl.'s Opp'n to Mot. to Dismiss, Ex. A.) In the July 28, 2000 probable cause affidavit submitted in support of one of the search warrants, Special Agent Harry Penate stated the storage spaces to be searched were "registered to Tom FOSTER who is currently under indictment and in federal custody." (Def.'s Mem. of P. & A. in Supp. of Mot. to Dismiss, Ex. B.) Agent Penate also stated the items to be seized included "firearms, firearms records, papers and documents which evidence the sale or other disposition of firearms by Thomas Foster, or Shooter's Emporium, a Federal Firearms Licensee." (*Id.*; *See also* Def.'s Mem. of P. & A. in Supp. of Mot. to Dismiss, Exs. A, C.)

/ / /

In addition to the criminal case then pending against Plaintiff, the government was also investigating Plaintiff's son, Cornelio Thomas Foster-Torres, at the time the warrants were issued and executed. (*See* Def.'s Mem. of P. & A. in Supp. of Mot. to Dismiss, Exs. A-C.) Indeed, soon after the warrants were executed, Plaintiff's son was indicted on one count of conspiracy to unlawfully deal in firearms in violation of 18 U.S.C. §§ 371, 922(a)(1)(A) and 924(a)(1)(D). (Def.'s Mem. of P. & A. in Supp. of Mot. to Dismiss, Ex. E.)

Despite this context, Plaintiff argues the property at issue in this case was seized for the purpose of forfeiture. To support this argument, Plaintiff cites the Complaint for Forfeiture filed against the property at issue. (*See* Pl.'s Opp'n to Mot. to Dismiss, Ex. B.) As the government points out, however, that Complaint was filed on September 13, 2001, more than one year after the property was actually seized.

At oral argument, Plaintiff's counsel offered another piece of evidence to support his argument: an April 10, 2001 letter from Lisa Simon, a seizure and forfeiture specialist with the Department of the Treasury, Bureau of Alcohol, Tobacco and Firearms. That letter states Plaintiff's property was seized "for forfeiture." Plaintiff asserts this statements constitutes an admission that his property was seized "for the purpose of forfeiture," therefore the government has waived its immunity from this claim.

Regardless of whether this letter constitutes an admission, however, it is of limited, if any, relevance to the issue of whether Plaintiff's property was seized for the purpose of forfeiture. Like the Forfeiture Complaint referenced above, this letter post-dates the actual seizure of Plaintiff's property by approximately nine months. Although it indicates that as of April 10, 2001, the government had commenced administrative forfeiture proceedings against the property, it says nothing about the government's intent immediately preceding the seizure of the property.

The only evidence of the government's purpose for seizing the property are the search warrants. As mentioned above, these documents identified the firearms as evidence of a crime. In light of this evidence, and the context surrounding the seizure of Plaintiff's property, the Court concludes the property was seized for the purpose of investigation, not forfeiture. Accordingly, the government has not waived its sovereign immunity from Plaintiff's claim, and it must be dismissed.

## III.

## CONCLUSION AND ORDER

For the reasons set out above, the Court GRANTS Defendant's motion to dismiss Plaintiff's Second Amended Complaint.  The Clerk of Court shall terminate this case.

**IT IS SO ORDERED**.

DATED: October 19, 2006

DANA M. SABRAW
United States District Judge